[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff brought this action for breach of contract, quantum meruit, breach of a quasi-contract, and unjust enrichment for the Defendant's alleged failure to pay for materials it ordered and Plaintiff delivered.
The Plaintiff is a seller of insulation products. The Defendant is a subcontractor-installer of specialty roofs. CT Page 14338
In August, 1995, the Defendant entered a contract with the Plaintiff entitled "Credit Application and Payment Agreement, ?1 which provided, in part, that all outstanding balances, including finance charges, are due and payable within thirty days after invoice date, and that outstanding balances not paid within said thirty days would be assessed finance charges beginning on the thirty-first day after invoicing.
In November, 1998, the Plaintiff received an order for materials at a price of $69,593 from the Defendant and in early January, 1999, shipped four truckloads of insulation materials to the locations requested.
Due to adverse winter weather conditions, the Defendant was unable to commence the installation of the roof system immediately. The general contractor, Roy Kay, Inc., terminated its subcontract with the Defendant. The general contractor, at the Plaintiff's suggestion, inquired of the new subcontractor if it would consider purchasing the materials, but it was not interested.
Invoices were issued to the Defendant for the materials, but the Defendant failed and refused to pay. Thereafter, the parties agreed that the Plaintiff should attempt to obtain permission to return a major item of the order to its manufacturer, Firestone. After receipt of a return authorization, the Plaintiff, with knowledge and authorization from the Defendant, arranged for transportation of the materials from the New York work site to Firestone. The Defendant agreed to pay any handling charges and transportation costs. Though the material conformed to the order and was of merchantable quality when the Plaintiff delivered it to the Defendant in January, 1999, these materials were damaged while at the work site and were not in usable condition when returned, and were not accepted by Firestone.
The Plaintiff had paid for all materials sold and delivered to the Defendant and $4250 in handling, restocking, and transportation charges. The Defendant was given a credit by the Plaintiff for materials it returned in good condition, and for any payments made, and there remains a balance of $58,323.97. Interest to date, calculated according to the terms of the "Payment Agreement," totals $12,831.27.
The Defendant claims that its purchase order contained, on the second page in printed form, a provision that payment was not due to the Plaintiff until the Defendant was paid by the general contractor, that the general contractor was dismissed the Defendant and had not paid it, and therefore that no payment to the Plaintiff was due. However, the purchase order did not alter, amend, or supersede the "Payment Agreement," and merely identified the goods desired. The language of this boiler CT Page 14339 plate preprinted second page of the purchase order indicated that it related only to "work done" and not to materials supplied. These provisions are not applicable to this order of insulation materials. Rather, the "Payment Agreement, " in existence since 1995, provided the terms of purchase and credit. It provided the basis upon which these supplies were ordered, supplied, sold and delivered.
Judgment shall enter for the Plaintiff in the amount of $58,323.97 and interest in the amount of $12,831.27, for a total of $71,155.24 In addition, the Plaintiff shall be entitled to costs.
Hiller, J.